The opinion of the court was delivered by
Bermudez, O. J.
The object of these suits is an adjustment of the' respective liabilities of the parties inter se.
Flanner having issued two writs, one of execution, another of seizure and sale, against Johnson, the latter enjoined them, claiming to be entitled to credits which were not allowed him. Flanner' answered, that the transactions "relied on by Johnson to set up his. claims, were not real, but simulated, concluding, in a reconventionah demand, with a prayer for a judgment against Johnson, for the whole amount due him.
The differences of the litigants were most extensively inquired into, before a jury, who returned a verdict, crediting Johnson with certain sums, and liquidating Flanner’s claims to the difference, $4520 with interest.
From the judgment rendered on the verdict, Flanner appealed, and Johnson, answering, prays for increased credits.
It appears that in 1887 Flanner sold certain lands to Johnson for-$9290.72, which were settled in four notes payable at one, two, three and four years.
On the maturity of the first note, Flanner brought suit, via ordinaria, against Johnson, alleging the nature of the transaction, the sale, in consequence of which the notes had been issued.
Johnson came forward, confessed judgment and paid $1250, on account, obtaining indulgence.
Subsequently, Flanner, remainingunpaid, issued execution, levying; upon the property sold and other property.
*525 Johnson enjoined on the grounds, that he had not been credited with the previous payment of $1250, and that Planner had no right to exact payment without having paid the indebtedness assumed by him in the act of sale to him and his vendor, which amounted to $7355.81, part of which was represented by vendor’s notes figuring $3500, which had been placed in his possession by Johnson, who owns them, to secure a loan of $1800, whifch had been paid back, the notes not being, however, returned, etc.
Planner answered the petition for an injunction, admitting the proceeding in which the confession was made, the payment of the $1250, and the issuance of the Ji. fa. and the seizure; but charges that he is not liable for the indebtedness assumed by him in the act of his vendor, Sers, which is a simulation, and that the consideration of the transaction was a different one. He further avers, that the Sers’ notes have no real existence, and were surrendered to him because of that fact, and not to secure a loan; that it had been intended to insert a clause in the act, exonerating him from all liability, but that, through error and oversight, it was not done. He further sets up his claims against Johnson on the notes by complaints of damages sustained in consequence of the injunction. He concludes by asking that the injunction be dissolved with damages, that he be declared not liable for the assumptions, and that the property seized be ordered to be sold for the whole debt, for cash, to cover the part due, and on terms of credit to correspond with the parts not ■due.
Before those issues had come to tr(fttl, Planner brought executory proceeding on the second maturing note of Johnson, with a credit of $200, averring the suit on the first note, the sale, and praying for the seizure and sale of the property, for cash, sufficient to pay the note sued on of March 9, 1889, attorneys’ fees, etc.
On the proper order, the writ issued, but was enjoined by Johnson on grounds substantially similar to those set forth in his petition for an injunction arresting the fi. fa.
Planner answered mainly as he did to the first injunction in avoidance of the responsibilities resulting from his assumptions.
The cases were consolidated and so tried.
The plaintiff offered documentary evidence in support of his averments to show that he was entitled to the credits claimed and that Planner had bound himself to pay debts of his vendor, and that *526 he should be held to do so previous to exacting payment of the notes sued on.
The defendant offered oral testimony to show the simulation alleged by him, and consequently his non-liability under the assumptions. The court allowed the testimony over plaintiff’s objections, which were reserved by bills and which were that parol testimony, between the pai’ties, is not admissible, but that a counter letter was the only legitimate proof, and even then, that by his judicial declarations of the reality of the transactions in which Johnson had issued the notes, Flanner was estopped from all contradiction of them.
It needs no discussion or reference to authorities to show that it-was error to have heard the oral testimony.
The case is one which is between the parties, and in which none of' the averments has been made which would have opened the door-for such proof.
Besides, the judicial declarations which Flanner has made in the-two suits and the exercise of the rights which he asserted therein,, and which affirm and reaffirm the sale from him to Johnson as a reality, effectually estop him from denying its seriousness. He cannot be permitted to play fast and loose.
There is no evidence showing that a clause had been intended to • be inserted in the act for his relief, and that by error and oversight-it was omitted.
It may not be out of place to say that during the trial, feeling that written evidence was necessary in such a case, he averred the existence of a counter letter, in a supplemental answer, but that he afterward abandoned the claim 'to such proof.
It appears that Flanner assumed the four notes due by his vendorSers for $3500; that these notes are the property of Johnson, and are therefore due by Flanner, and that, by as much, they offset Planner’s claims against Johnson.
The manner in which those notes came to be in Flanner’s posséssion is differently stated by Johnson and Flanner, but after hearing-them and the other proof in the record on the subject, the jury and the judge rightly preferred Johnson’s statement.
Flanner ought to have credited Johnson with the $1250 paid by him in the suit on the first note and Johnson is entitled to a credit-of $200 on the second note sued on in the executory proceeding-Johnson is further entitled to offset the claim of Flanner by the- *527 notes of Sers, which Planner owes by assumption and which are Johnson’s property, amounting to $3500.
The verdict of the jury and the judgment of the court on it have done justice, as far as they go, but Johnson is entitled to a further reduction of $200, which puts down his indebtedness to Planner at $4340.73.
It is therefore ordered and decreed that the verdict of the jury and the judgment thereon be amended so as to entitle Johnson to a reduction of Planner’s claim against him to $4340.73, instead of $4540.73, and that, thus amended, said judgment be affirmed; the costs of appeal to be paid by Fl&nner.